UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JAMES LI, et al.,<br><br>　　　　　Defendants. | Case No. 11-cv-1712 -PHX-SRB<br><br>**FINAL JUDGMENT ON DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTIES AS TO DEFENDANT JAMES LI** |

This matter came before this Court on the motion of plaintiff Securities and Exchange Commission ("SEC"), seeking entry of a final judgment on disgorgement, prejudgment interest, and civil penalties, providing it with the relief requested in its Complaint against Defendant James Li ("Defendant" or "Li"). This Court having considered the pleadings and declarations on file, Defendant's letter filed on February 28, 2012 (Doc. 39 ), several investor letters and the Plaintiff's Reply makes the following findings of fact and conclusions of law:

　　1.　　The SEC's complaint against Defendant was filed herein on August 30, 2011.

　　2.　　On that same day, the SEC also filed the Defendant's Consent, which waived service of a summons and the complaint in this action, entered the Defendant's general

appearance, and admitted this Court's jurisdiction over the Defendant and the subject matter of this action.

3. Upon application by the SEC, this Court entered an <u>Interlocutory Judgment As To Defendant James Li</u> on September 7, 2011, enjoining Defendant from violating Section 17(a) of the Securities Act of 1933 ("Securities Act"), Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act"), and Exchange Act Rules 10b-5, 13a-14, 13b2-1 and 13b2-2, and from aiding and abetting violations of Sections 10(b), 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act and Exchange Act Rules 10b-5, 12b-20, 13a-1, 13a-11 and 13a-13.

4. The Court has personal jurisdiction over Defendant and the subject matter jurisdiction over this action. Venue is proper in this district.

5. It appears from the Declaration of the SEC's counsel that Li was unjustly enriched by the receipt of a bonus and the sale of certain shares of Syntax-Brillian Corporation ("Syntax") common stock, all as a result of the conduct described in the Complaint. The SEC is thus entitled to an Order requiring Defendant to disgorge an amount equal to the funds and benefits he obtained illegally as a result of the violations alleged in the Complaint, plus prejudgment interest on that amount.

6. With respect to the SEC's request for a civil penalty pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act, it appears that Li's violations, as pleaded in the complaint, (a) involved fraud, deceit, manipulation, and a deliberate or reckless disregard of regulatory requirements, and (b) directly or indirectly resulted in substantial losses to Syntax investors or, at least, created a significant risk of substantial losses to investors of Syntax.

7. The Commission is therefore entitled to an Order requiring defendant to pay civil

money penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

8. With respect to the SEC's request for an insider trading penalty pursuant to Section 21A(a)(2) of the Exchange Act, it appears that Li, as alleged in the complaint, sold Syntax securities while in possession of material, non-public information concerning Syntax's materially misstated financial statements.

9. The SEC is therefore entitled to an Order requiring defendant to pay civil money penalties pursuant to Section 21A(a)(2) of the Exchange Act [15 U.S.C. § 78u-1(a)(2)].

On the basis of the foregoing findings of fact and conclusions of law, having considered the pleadings and declarations on file herein, NOW THEREFORE:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Commission's motion is GRANTED (Doc. 35).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for total disgorgement of $1,673,481.00, representing profits gained as a result of the conduct alleged in the complaint, together with prejudgment interest thereon in the amount of $575,472.93, a civil penalty in the amount of $4,810,000.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and an insider trading penalty in the amount of $4,540,443.00 pursuant to Section 21A(a)(2) of the Exchange Act [15 U.S.C. § 78u-1(a)(2)]. The Defendant is thus liable for a total amount of $11,599,396.93. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. In response to any such civil contempt motion by the Commission, the defendant may assert any legally permissible defense. Payments under this paragraph shall be made to the Clerk of this

Court, together with a cover letter identifying James Li as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he

further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated this 3rd day of April, 2012.

_____
Susan R. Bolton
United States District Judge